## AMADOR RIERA CORONAS

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO.

Ponce, Law, No. 292.

PHOTOGRAPHS AS EVIDENCE.

Evidence—Photographs.

    The admissibility of photographs is a principle recently developed,

NOTE.—The authorities as to the use of photographs in evidence are discussed in a comprehensive note in 51 L.R.A. (N.S.) 843.

Coronas v. American R. Co.

and is analogous to the admission of written instruments. The court will first satisfy itself prima facie as to the circumstances under which the photograph was taken, the witness testifying, and the like, before admitting the photograph as evidence before the jury.

Opinion filed January 20, 1915.

———

*Mr. José A. Poventud* for plaintiff.

*Messrs. Francis H. Dexter* and *F. G. Perez Almiroty* for defendant.

HAMILTON, Judge, delivered the following opinion:

The rule as to photographs is comparatively new, because until lately their use has not been common. It seems to be discussed to a large extent in 17 Cyc. 414, and particularly 417 and following. The rule is that the picture does not necessarily have to be proved by the man who took it; that it does not have to be taken precisely at the time of the event upon which it is meant to throw light, but the tendency seems to be, and, if it has not been decided before, it would seem as if this is as good a time to decide it as any, that photographs are to be placed upon a practical equality with documents. While the admissibility is sometimes said to be a matter of discretion, at all events the admissibility has to be proved by satisfactory evidence, that is, necessarily, satisfactory to the court, not satisfactory to the jury; when it once gets to the jury it is already evidence and there is no question one way or the other of satisfaction.

So the question is as to the admissibility of this photograph

according to the evidence that is produced before the court and designed to satisfy the court. Practically the same rule as applies to the admissibility of documents applies here. There it is as to the execution, here it is as to the picture being taken under conditions not materially different from those at the time of the accident. It is unquestionably true that the testimony of a "peon" or laborer on such a subject, from the nature of the case, from his lack of education, from his not being used to such matters, might have very little weight; still it might have some weight. I think the proper practice would be to permit counsel to go on and ask questions as to the photograph, but not before the jury, that is to say, make it analogous to the admission of a document. I will take into account what the witness says, his demeanor, and so on, and it is very likely that I would ask for some further proof on the subject of the photograph before I would consider it admissible; but I will let counsel go ahead and ask the questions he may wish now. It seems to be a somewhat new point, but I think this would be the better practice. The authorities largely leave it to the discretion of the court and it seems to be that this will be the proper way to exercise the discretion. As it stands right now, I do not think this will be sufficient testimony, but I will not say absolutely, because the witness may develop more intelligence than he has shown. It is a question of intelligence, and not of rank. So proceed with your examination.